UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMED KEITA,

Plaintiff,

-against-

COLLEGE OF STATEN ISLAND (CUNY),

Defendant.

23-CV-3090 (JMF)

TRANSFER ORDER

JESSE M. FURMAN, United States District Judge:

Plaintiff Mohammed Keita, who is proceeding *pro se*, filed this complaint invoking the

Court's federal question and diversity of citizenship jurisdiction, asserting claims of

"discrimination and stalking."  ECF No. 1, ¶ I(A).  For the following reasons, this action is

transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question.  *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff, a resident of Staten Island, filed this complaint against the College of Staten

Island, seeking "full reimbursements" of his tuition payments from 2020 through 2023.  ECF No.

1, ¶ III.  Nothing in the complaint suggests that any of the events giving rise to Plaintiff's claims

regarding his tuition payments to the College of Staten Island occurred within this district, and thus it is not clear that venue lies in this district under Section 1391(b)(2).  Staten Island, where Plaintiff's claims arose, is in Richmond County, in the Eastern District of New York.  *See* 28 U.S.C. § 112(c).  The Eastern District of New York therefore appears to be a proper venue for this action, under Section 1391(b)(2), because the claims arose in that district.

Even if venue is proper in the district where a case is filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  In determining whether transfer under Section 1404(a) is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances.  *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).  A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there.  *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case.  The underlying events occurred in Richmond County, where Plaintiff resides and where Defendant College of Staten Island is located.  The Eastern District of New York appears to be a more convenient forum for this action.  Accordingly, the Court transfers this action to the United States District

Court for the Eastern District of New York.  28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York.  Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.  Summonses shall not issue from this Court.  This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    April 18, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

3